# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

DARYLL MORRIS, #113614                                    PETITIONER

VS                                      Civil Action No. 4:10-CV-58-P-S

DANNY SCOTT, WARDEN, et al.                               RESPONDENTS

## REPORT AND RECOMMENDATIONS

This matter comes before the court on the pro se prisoner petition of Daryll Morris for a writ of habeas corpus under 28 U.S.C. § 2254. The state has moved to dismiss the petition pursuant to 28 U.S.C. § 2244(b)(3)(A). The petitioner has not responded, and the deadline for response has expired. The matter has been referred to the undersigned United States Magistrate Judge for review and issuance of a report and recommendations.

## I. Procedural History

The Petitioner, Daryl Morris, was convicted of murder on July 21, 2005, in the Circuit Court of Washington County, Mississippi. Morris was sentenced to serve life in the custody of the Mississippi Department of Corrections. The Petitioner filed an appeal of his conviction and sentence in the Mississippi Supreme Court on August 9, 2006. The Mississippi Court of Appeals found no merit to the issues raised, and, on March 20, 2007, affirmed the judgment of the circuit court. *Morris v. State*, 963 So.2d 1170 (Miss. App. 2007), (Cause No. 2005-KA-02016-COA). Morris filed a petition for writ of certiorari in the Mississippi Supreme Court which was denied on September 6, 2007. *Morris v. State*, 964 So.2d 508 (Miss. 2007).

Morris previously filed a petition for habeas relief in this court in Cause No. 4:08-cv-00029-WAP-DAS challenging his conviction for murder from the Circuit Court of

Washington County, Mississippi and resulting life sentence. On May 7, 2009, United States District Judge W. Allen Pepper entered a final judgment and memorandum opinion denying the petition on the merits.

Morris has now filed the instant petition, again challenging his conviction for murder from the Circuit Court of Washington County, Mississippi and sentence of life imprisonment. Thus, the instant petition is a successive Petition for Writ of Habeas Corpus which should be dismissed for lack of jurisdiction.

## II. Discussion

### A. Successive Application

Pursuant to The Antiterrorism and Effective Death Penalty Act the decision to allow a successive application must be made by a court of appeals. The relevant provision provides:

> Before a second or successive application permitted by this section is filed in district court, the applicant **shall** move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A) (emphasis added).

Therefore, under AEDPA, whether a successive § 2254 application may be filed in district court must be made by a court of appeals. *In re Smith*, 142 F.3d 832, 833-34 (5th Cir. 1998). "Pursuant to the amendments to the habeas statutes resulting from the Anti-Terrorism and Effective Death Penalty Act (AEDPA), a habeas applicant must obtain an order from a court of appeals authorizing the district court to consider such a second or successive application." *In re Davis,* 121 F.3d 952, 952-53 (5th Cir. 1997). Morris failed to secure the requisite authorization before filing this successive action; therefore, this Court is without jurisdiction to hear Morris' petition, and the motion to dismissed should be granted.

B. Statute of Limitation

Assuming *arguendo*, that this court has jurisdiction, there is a second provision of the AEDPA requiring dismissal. The AEDPA requires that a petitioner file his federal habeas corpus petition within one year of the date that the petitioner's judgment of conviction becomes final. The relevant provisions provide:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Thus, unless the narrow exceptions of § 2244(d)(1)(B-D) apply, the AEDPA requires that a petitioner file his federal habeas corpus petition within one year of the date the judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003);

*Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998); *see also Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998) (§ 2244(d)(2) requires federal courts to toll the time spent in state court post-conviction litigation).

The records of the Mississippi Supreme Court Clerk's office and the docket of the United States Supreme Court as posted on the official court website, show that Morris did not file a petition for writ of certiorari to the United States Supreme Court. Therefore, Morris' judgment became final on December 5, 2007, ninety (90) days after the final decision in state court (September 6, 2007, plus 90 days). See *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); see also 28 U.S.C. § 2101; *Bell v. Maryland*, 378 U.S. 226, 232 (1964)) (time period in which petitioner could file a petition for writ of certiorari to Supreme Court must be considered in calculating date on which judgment becomes final). Therefore, unless Morris filed a "properly filed" application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) on or before December 5, 2008, to toll the limitations period, his habeas petition would be filed too late. *Grillete v. Warden*, 372 F.3d 765, 769 (5th Cir. 2004); *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

Morris did not file an application to proceed in the trial court with a motion for post-conviction relief in the Mississippi Supreme Court until March 3, 2010 (signed February 26, 2010). The Court denied his application on April 21, 2010. As Morris' motion for post-conviction relief was filed outside the one-year time limitation period prescribed by the AEDPA, the statute of limitations for his federal habeas petition is not tolled for the pendency of his post-conviction relief, making his habeas petition due by December 5, 2008.

1. Mailbox Rule

Under the "mailbox rule," Morris' pro se federal habeas petition is deemed filed on the date

that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998)). The instant habeas petition was signed on April 29, 2010, and was stamped "filed" in this case on May 3, 2010. As such, the Petitioner's habeas petition was filed some 510 to 514 days beyond the December 5, 2008, deadline for filing his federal habeas petition. Morris has given no valid explanation for the tardiness of his federal habeas petition. Because Morris' petition was filed too late, and because he cites no "rare and exceptional" circumstance to warrant equitable tolling, the petition must be dismissed with prejudice pursuant to the one-year statute of limitation provision of the AEDPA.

### III. Conclusion

Given petitioner's failure to secure the requisite authorization before filing this successive action, the petition must be dismissed with prejudice.[1]

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 30th day of September 2010.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

---

[1] Even if Morris' petition was timely filed, all of the claims raised therein are barred from federal habeas relief pursuant to the one-year statute of limitation provision of the AEDPA.